UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00053-HBB

**KURT JAMES EARLEY**                                                                                  **PLAINTIFF**

**VS.**

**NANCY A. BERRYHILL, Acting
Commissioner of Social Security**                                       **DEFENDANT**

**MEMORANDUM, OPINION,
AND ORDER**

BACKGROUND

Before the Court is the complaint (DN 1) of Kurt James Earley seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 13) and Defendant (DN 18) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered July 19, 2016, (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff protectively filed an application for Supplemental Security Income benefits on February 26, 2013 (Tr. 16, 213).  Plaintiff alleged that he became disabled on July 22, 2005, as a result of

1. Pinched nerves
2. Left Upper extremity cervical radiculopathy
3. Ulnar Neuritis
4. Numbness in left hand
5. Learning Disorders
6. Depression, anxiety
7. Obsessive Compulsive Disorder traits
8. Difficulty concentrating, focusing, following directions
9. Difficulty dealing with stress and people
10. High Blood Pressure
11. Protruding disc in neck
12. Right shoulder

(Tr. 253).  Administrative Law Judge Andrew Henningfeld ("ALJ") conducted a video hearing on October 30, 2014 (Tr. 33).  The ALJ conducted the hearing from Baltimore, Maryland, and Plaintiff was present in Kentucky and represented by Richard Burchett (Tr. 33, 35).  Also present and testifying was David Couch, vocational expert.  Additionally, B. Ross, hearing monitor, was present but did not testify (Tr. 35).

The undersigned notes that this is Plaintiff's second application for SSI benefits.  He was first found not disabled in an administrative law judge's decision dated August 26, 2011 (Tr. 113-26).  The Appeals Counsel upheld this earlier denial of benefits on December 7, 2012 (Tr. 127-35).  As such, the ALJ in the present matter correctly noted that Plaintiff's request to consider the onset date to be July 22, 2005 functions implicitly as a request to reopen the prior denial (Tr. 16 (citing Hallex I-2-9-10)).  The ALJ concluded he lacks the jurisdiction to reopen a previous

Appeals Counsel decision (Tr. 16). The undersigned agrees, but regardless, this Court lacks the jurisdiction to even question this determination absent a colorable constitutional claim. Wills v. Sec'y, Health and Human Servs., 802 F.2d 870, 873 (6th Cir. 1986) (citing Califano v. Sanders, 430 U.S. 99, 107-08 (1977). Finally, the ALJ correctly concluded that, as this is an SSI claim, benefits would not be payable until the month following the month of the application currently under consideration (Tr. 16 (citing 20 C.F.R. 416.335)).

In a decision dated February 10, 2015, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 13-32). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 22, 2005, the alleged onset date (Tr. 18). At the second step, the ALJ determined that Plaintiff's cervical spine disorder, obesity, affective disorder, and cognitive disorder are "severe" impairments within the meaning of the regulations (Tr. 18). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 19).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform less than a full range of light work (Tr. 21). More specifically, the ALJ imposed the following limitations:

> Work must not involve climbing ladders, ropes, or scaffolds. Work must not involve more than occasional reaching overhead. Work must not involve use of vibrating objects or surfaces to complete tasks. Work must be unskilled, defined by ruling and regulation as work that needs little to no judgment to perform simple duties. Work must allow for learning tasks by demonstration. Work must not involve hazards such as dangerous moving mechanical parts or machinery and unprotected elevations. Work must be routine and repetitive with no more than occasional

>changes in the work process. Work must not involve interaction with the public and no more than occasional, episodic interaction with coworkers or supervisors.

(Tr. 21). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of his past relevant work as a brick mason (Tr. 25).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 26). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from February 26, 2013 through the date of the decision (Tr. 27).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 25). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2

F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a),

416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step, finding that Plaintiff's RFC nonetheless allows him to perform jobs that exist in significant numbers in the national economy. Plaintiff now raises several claims on appeal. For the reasons set forth below, each of these claims is denied.

### CLAIM 1

Plaintiff first challenges the ALJ's findings at step 2. Plaintiff maintains the ALJ failed to include ulnar neuritis as a severe impairment, despite the fact that the previous administrative

law judge had found the impairment to be severe (DN 13 at p. 2). While Plaintiff's failure to include a single legal citation makes it unclear on what grounds he is challenging this finding, the argument fails under any standard.

According to the regulations, upon determining that a claimant has at least one severe impairment, the ALJ must continue with the remaining steps in the disability evaluation outlined above. 20 C.F.R. § 416.920(a)(4)(ii) and (c). Here, the ALJ found that Plaintiff suffered from the severe impairments of cervical spine disorder, obesity, affective disorder, and cognitive disorder. Accordingly, the ALJ continued with the remaining steps in the disability determination. Because the ALJ could and did consider the limitations imposed by Plaintiff's ulnar neuritis in determining whether he retained sufficient residual functional capacity to allow him to return to her past relevant work and to other jobs in the national economy (Tr. 18, 22, 26), the ALJ's failure to find that Plaintiff's ulnar neuritis is "severe" within the meaning of the regulations could not constitute reversible error. Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987).

Plaintiff also mentions the prior ALJ's determination that ulnar neuritis did constitute a severe impairment. If this is an implication that the ALJ did not follow the strictures of Drummond v. Comm'r of Soc. Sec., 126 F.3d 837, 841-42 (6th Cir. 1997), then the argument must fail. In Drummond, the Sixth Circuit held that, in instances of a second or successive claim for Social Security benefits, the decisions of prior ALJs function as *res judicata* and bind subsequent ALJs unless new evidence demonstrates a change in circumstances. Id. Here, the ALJ noted that he was bound by the prior ruling (Tr. 18-19). He then stated that new and material evidence required a finding of additional impairments (Id.). The ALJ nonetheless stated

that he found the new impairments "**in addition** to the severe impairments found by the [prior] ALJ" (Id. (emphasis added). In other words, Plaintiff's assertion that the ALJ in the present matter failed to incorporate the prior ALJ's findings at step 2 is simply wrong. As such, this claim is without merit and is denied.

CLAIM 2

At finding No. 4, Plaintiff claims the ALJ erred by failing to provide sufficient weight to Plaintiff's subjective allegations of pain (DN 13 at pp. 3-5). Specifically, Plaintiff argues that the ALJ discussed only three pages of medical notes, which is insufficient to gauge whether Plaintiff's alleged symptoms are consistent with the objective medical record. Plaintiff further argues the ALJ omitted certain testing documents, including Plaintiff's most recent MRI, from his discussion. And, Plaintiff argues the ALJ misquoted a pain specialist, and did not consider most of that physician's findings.

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 416.945(a), 416.946. The residual functional capacity finding is based on a consideration of medical source statements and all other evidence in the case record about what a claimant can do despite limitations caused by his or her physical and mental impairments. 20 C.F.R. §§ 416.945(a), 416.946; Social Security Ruling 96-5p; Social Security Ruling 96-7p. Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and consider the subjective allegations of the claimant and make credibility findings.

A claimant's statement that he is experiencing pain or other symptoms will not, taken alone, establish that he/she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and/or other symptoms alleged. 20 C.F.R. § 416.929(a). In determining whether a claimant suffers from debilitating pain and/or other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies. First, the administrative law judge must examine whether there is objective medical evidence of an underlying medical condition. If there is, then the Administrative Law Judge must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id. When the reported pain and/or other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the Administrative Law Judge will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. § 416.929(c)(3).

Here, the ALJ found that significant objective findings in the record were inconsistent with Plaintiff's subjective allegations (Tr. 22). The ALJ discussed radiological findings indicating mild to moderate cervical disc disease (Id.). He also acknowledged clinical findings indicating decreased range of motion of the cervical spine (Id.). But on balance, the ALJ did not think these limited findings supported the level of pain and limitation alleged by the Plaintiff. In support of this, the ALJ cited recurrent reports that Plaintiff exhibited normal gait and muscle strength (Tr. 22 (citing Tr. 445, 477). Additionally, the ALJ noted the opinion of Logan Mast,

9

M.D., who performed a consultative examination, finding full muscle strength in the arms and legs, normal gait and posture, and unremarkable motor activity (Tr. 22 (citing Tr. 440)).

Plaintiff asserts the ALJ did not thoroughly discuss the findings from Plaintiff's MRI (DN 13 at p. 4). Specifically, the ALJ did not mention that the MRI contains evidence of "a disc bulge and superimposed protrusion at the C6-C7 level" and "a disc osteophyte complex with superimposed protrusion/extrusion at the C7-T1 level" (Id. (citing Tr. 468, 470)). But an ALJ need not list every technical detail of a particular record to prove he considered them. Simons v. Barnhart, 114 Fed. App'x 727, 733 (6th Cir. Nov. 18, 2004) (unpublished) (citing Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000)). Here, the ALJ mentioned "mild to moderate" degenerative disc disease (Tr. 22). This description mirrors that of pain specialist Vivek Jain, M.D. (Tr. 478) (referring specifically to Plaintiff's stenosis). And, treating orthopedic surgeon Barret Lessenberry, M.D. described the stenosis as "minimal" (Tr. 469). Therefore, the undersigned concludes that, while the ALJ did not discuss in detail the exact technical findings of the MRI, the fact that his description was consistent with those of Plaintiff's treating sources is substantial evidence that he properly considered the matter.

As required by 20 C.F.R. § 416.929(c)(3), the ALJ considered other factors upon finding that Plaintiff's subjective allegations were not supported by the objective medical record. For instance, the ALJ noted that Plaintiff's conservative treatment of his alleged symptoms is inconsistent with their reported severity (Tr. 22). Plaintiff refused treatment for his symptoms other than pain medication for his neck and arm pain (Id.). Despite offers of epidural steroid treatments, physical therapy, and other medications, Plaintiff accepted only hydrocodone to treat

his symptoms. Moreover, Plaintiff reported that this conservative treatment generally helped alleviate his symptoms (Tr. 23).

Given the ALJ's thorough discussion of Plaintiff's objective medical records, subjective complaints, and other factors, the undersigned concludes that the ALJ supported his opinion with substantial evidence, and that his findings comport with applicable law. Therefore, Plaintiff's claim is denied.

## CLAIM 3

Next, Plaintiff argues that the ALJ erred by not including certain left-arm limitations from the prior RFC finding (DN 22 at p. 8-9). Plaintiff contends the ALJ did not adequately account for why the new RFC did not incorporate these limitations. This argument must fail. The ALJ pointed out that new evidence supported his decision to alter the previous RFC (Tr. 23). He also pointed to findings of Dr. Logan Mast indicating that, notwithstanding Plaintiff's history of left ulnar neuritis, he demonstrated good arm and hand strength (Tr. 440). While the Plaintiff may disagree with this assessment, he has offered no evidence to rebut Dr. Mast. Because the ALJ supported this change to the RFC with substantial evidence and otherwise comported with applicable law, the undersigned concludes Plaintiff's claim is without merit. The claim is therefore denied.

## CLAIM 4

Finally, Plaintiff argues the ALJ erred in discussing his daily activities of birdwatching, watching television, driving a car, and listening to the radio (DN 13 at p. 7). Plaintiff argues these activities are stationary and as such should not be used to justify a more capacious RFC. Plaintiff misunderstands the context in which the ALJ refers to these activities. The first time

these activities are mentioned, the ALJ does so to point out that they require concentration and uses this fact to justify only mild to moderate mental limitations (Tr. 20).  In the next place the ALJ mentions these activities; it is as evidence that Plaintiff's activities are not consistent with his subjective allegations of pain (Tr. 23), not as evidence of physical limitations.  The ALJ notes, for instance, that Plaintiff drives a car despite warnings from his pain management specialist not to do so while using narcotic pain medication (Id.).  Thus, Plaintiff's contention that the ALJ relied on Plaintiff's daily activities for specific findings is simply misplaced.  This claim is therefore denied.

## ORDER

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and it is ORDERED that judgment be granted for the Commissioner.

Copies:        Counsel